IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GARY P. SALAMONE,
        Plaintiff,

vs.                              Case No: 3:10cv412/LC/MD

STATE OF FLORIDA, et al.,
        Defendants.

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. This case was opened on September 24, 2010 upon plaintiff filing a "Motion For Court to Assign Civil Action Number" (doc. 2) and a "Motion for Court to Rule on Original Motion to Proceed" (doc. 3). These filings stemmed from plaintiff's unsuccessful attempts to intervene in the challenge to the federal health care law pending in *Florida v. United States Department of Health and Human Services, et al.*, Case Number 3:10cv91/RV/EMT.[1]

---

[1] In that case, plaintiff attempted to file a "Friend of the Court Brief" and later petitioned the court to intervene. (*See* Docs. 4, 20, Case No. 3:10cv91). On March 30, 2010, Judge Vinson returned plaintiff's brief without filing, and on April 23, 2010, denied plaintiff's request to intervene. (*See* Docs. 6, 37 in Case No. 3:10cv91). Plaintiff later attempted to file a notice of change of address, which was returned to him without filing. (*See* Doc. 45, Case No. 3:10cv91). On June 14, 2010, plaintiff filed another motion to intervene, which was denied on June 15, 2010. (*See* Docs. 52, 53 in Case No. 3:10cv91). On August 9, 2010, plaintiff filed a "Motion to Correct Obvious Error in Court Record," claiming that Judge Vinson's April 23, 2010 order did not accurately describe the true nature of plaintiff's challenge to the federal health care law. Plaintiff also requested issuance of summonses to the lead plaintiff and the lead defendant in that case. Judge Vinson denied plaintiff's motion on August 10, 2010. (*See* Docs. 69, 70 in Case No. 3:10cv91). Plaintiff then attempted to file a "Motion to Order Correction of Constitutional Deficiencies," which Judge Vinson returned to him without filing on August 27, 2010. (*See* Doc. 73 in Case No. 3:10cv91). The instant motions followed. The Clerk of Court opened a new civil case, and referred the motions to the undersigned.

In an order entered October 20, 2010, (doc. 5), the undersigned granted plaintiff's "Motion for Court to Assign Civil Action Number" to the extent a new civil case had been opened and a case number assigned. The court denied plaintiff's "Motion for Court to Rule on Original Motion to Proceed." Additionally, because plaintiff had not filed a complaint and had neither paid the filing fee nor applied for leave to proceed *in forma pauperis*, the court ordered plaintiff to submit the following items within twenty-eight days: (1) a complaint or notice of voluntary dismissal and (2) the $350.00 filing fee or a complete application to proceed *in forma pauperis*. (Doc. 5). Plaintiff was warned that failure to comply with the order as instructed would result in a recommendation that this case be dismissed for failure to comply with an order of the court.

Plaintiff did not comply with the October 20, 2010 order. Accordingly, on November 29, 2010 this court issued an order directing plaintiff to show cause, within fourteen (14) days, why this case should not be dismissed for failure to comply with an order of the court. (Doc. 13). Plaintiff has responded. (Doc. 16). Although plaintiff asserts that he has filed a judicial complaint with the United States Court of Appeals for the Eleventh Circuit, and that he "published" a complaint "on the World Wide Web," he has not filed a complaint in this court as he was ordered to do. Further, although plaintiff states he is willing to allow the court to deduct the $350.00 filing fee from the $400,000.00 settlement award he believes is due him, that does not comply with the court's order directing him to pay the filing fee within twenty-eight days. As plaintiff was explicitly advised in the October 20, 2010 order, <u>before this case can proceed</u>, he must either pay the fee or file a motion for leave to proceed *in forma pauperis*.

Because plaintiff's response to the show cause order not only fails to show plaintiff has been unable to comply with the court's October 20, 2010 order, but also affirmatively demonstrates he is choosing not to, this case should be dismissed.

*Case No: 3:10cv412/LC/MD*

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the court.

2.  That the clerk be directed to close the file.

DONE AND ORDERED this 15th day of December, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).